Soondar MAHADEO

v.

Janet RENO, Attorney General, Doris Messner, Commissioner of the Immigration and Naturalization Service; Department of Justice; and Steven Farquharson, District Director.

No. Civ.A. 99–10716–RGS.

United States District Court, D. Massachusetts.

May 18, 1999.

Allan M. Tow, Boston, MA, for Plaintiff.

Frank Crowley, Immigration & Naturalization Special Asst. U.S. Atty., Boston, MA, for Defendants.

*MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR A STAY OF REMOVAL AND PETITION FOR WRIT OF HABEAS CORPUS*

STEARNS, District Judge.

Soondar Mahadeo is a native and citizen of Trinidad and Tobago who immigrated lawfully to the United States in 1975. In 1984, and again in 1991, Mahadeo was convicted of possessing a controlled substance with the intent to distribute. These are "aggravated felonies," which under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), render Mahadeo ineligible for discretionary relief (now called Cancellation of Removal). See 8 U.S.C. §§ 1229b(a)(3); 1101(a)(43)(B).

Removal proceedings were commenced against Mahadeo by the Immigration and Naturalization Service (INS) on May 30, 1997. See 8 U.S.C. § 1227(a)(2)(B)(i). Mahadeo's request to apply for discretionary relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c), was denied by the Immigration Judge because §§ 304(b) and 309(a) of the IIRIRA eliminated section 212(c) relief for persons placed in removal proceedings on or after April 1, 1997.[1] The Board of Immigration Appeals (BIA) affirmed the decision of the Immigration Judge on February 10, 1999, rejecting Mahadeo's arguments that the IIRIRA was unconstitutional as written and applied.

Mahadeo's petition renews these arguments with some additional elaboration. In Count I of the petition, Mahadeo maintains that the Attorney General's decision to bring removal proceedings under the new law, rather than deportation proceed-ings under prior law, denied him the opportunity to apply for section 212(c) relief in violation of his rights to due process and equal protection. In Count II, Mahadeo contends that the IIRIRA is generally unconstitutional and contrary to the Administrative Procedures Act. Count III challenges the constitutionality of the retroactive application of the repeal of discretionary relief to events (convictions) that occurred prior to the IIRIRA's enactment. Count IV challenges the provisions of the IIRIRA classifying his convictions as aggravated felonies as inconsistent with the intent of Congress and as a violation of "the presumption against retroactivity." Finally, Count V attacks these same provisions as violating due process, equal protection, and the prohibition against ex post facto laws.

On April 13, 1999, the court granted petitioner's motion for a stay of removal, but expressed doubt as to the merits of petitioner's constitutional claims. The court consequently invited petitioner to submit within ten days "a memorandum more fully developing the underlying arguments." The court also ordered the Commissioner to respond to the underlying petition. The Commissioner complied by filing a motion to dismiss for want of subject matter jurisdiction with an accompanying memorandum of law. The petitioner submitted no further pleadings.

While one might suppose that Mahadeo's arguments are weak, if only from the fact that he has chosen to rely solely on the conclusory assertions of his petition, I am compelled by the Supreme Court's decision in *Reno v. American–Arab Anti–Discrimination Committee,* —— U.S. ——, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), to conclude that the IIRIRA has divested the district court of jurisdiction to rule on their merits. In *Reno,* the Court focused on the interaction of two provisions of the

---

1. Because it is undisputed that Mahadeo was placed in removal proceedings after that date, the holding of *Goncalves v. Reno,* 144 F.3d 110 (1st Cir.1998), does not apply to his case.

IIRIRA, §§ 1252(b)(9) [2] and 1252(g),[3] holding that § 1252(g) applies "to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal order,' " —— U.S. at ——, 119 S.Ct. at 943, thereby insulating these actions from judicial review.

As the government states in its brief:

Because the instant petition seeks "a stay of the order to remove petitioner pending the resolution of this matter," ... and "a stay of deportation pending the resolution of this petition", ... he seeks to enjoin the "execution of [a] removal order[ ]", and thus section 1252(g) operates to divest the Court of jurisdiction to stay deportation. Because petitioner also seeks review of his removal order to "[d]eclare Mr. Mahadeo's order of deportation/removal as contrary law," ... review in [the] district court is barred by "the unmistakable 'zipper clause' " of 8 U.S.C. § 1252(b)(9) that channels all available review through the circuit court.

Government's Opposition, at 2–3.

The question remaining is whether despite the IIRIRA, this court might retain residual jurisdiction to hear petitioner's case under 28 U.S.C. § 2241. This issue was confronted recently by Judge Keeton in *Fontes v. Reno*, C.A. 99–10491–REK (D.Mass., March 9, 1999) a case factually similar to this one. I adopt Judge Keeton's determination that *Reno* answers the question "no."

I conclude, through recognizing the issue as a close and reasonably debatable one, that I must now be guided by the principle that 28 U.S.C. § 2241, like the statutory provision before the Court in *Reno*, contains no explicit authorization of jurisdiction in this court over the present petition and that the limitations on jurisdiction under § 2241 that are stated in its text are not to be interpreted as an implicit grant of jurisdiction over petitions that do not fall within the scope of those limitations.

*Fontes*, at 8–9.

### ORDER

For the foregoing reasons, the petition for writ of habeas corpus is *DISMISSED* for want of subject matter jurisdiction. I will continue the stay of removal for a period of three weeks, unless sooner terminated by an order of this court or extended by an order of the Court of Appeals.

SO ORDERED.

---

**2.** "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

**3.** "Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."