Richard Maurice GRAY

v.

Janet RENO, Attorney General; Doris Meissner, Commissioner of the Immigration and Naturalization Service; U.S. Department of Justice; and Steven J. Farquharson, District Director Immigration and Naturalization Service.

No. CIV. A. 99–11416–RGS.

United States District Court, D. Massachusetts.

July 23, 1999.

Richard Maurice Gray, Manchester, NH, pro se.

*MEMORANDUM AND ORDER ON A PETITION FOR WRIT OF HABEAS CORPUS*

STEARNS, District Judge.

Petitioner Richard Gray, a citizen of Jamaica, was convicted of an aggravated felony (a drug offense) on December 4, 1995. On February 22, 1996, while incarcerated, Gray was served with an order to show cause by the Immigration and Naturaliza-

---

tion Service (INS). On May 8, 1996, Gray made an initial appearance before an Immigration Judge. On October 20, 1997, Gray was ordered deported. The Immigration Judge denied Gray's application for section 212(c) relief (former 8 U.S.C. § 1182(c)), because he had been convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i).[1] On June 3, 1999, the Board of Immigration Appeals dismissed Gray's appeal. The Board observed that because Gray did not have an application for section 212(c) relief pending on April 24, 1996, the date the Antiterrorism and Effective Death Penalty Act (AEDPA) took effect, his case was unaffected by the First Circuit's holding in *Goncalves v. Reno*, 144 F.3d 110, 133–134 (1st Cir.1998).[2]

■ As with all cases, the court must first be satisfied that it has jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). 8 U.S.C. § 1252(g) of the Illegal Immigration Reform and immigrant Responsibility Act of 1996 (IIRIRA) (which applies "without limitation to claims arising from all past, pending or future exclusion, deportation, or removal proceedings") provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Exactly what this provision means was a matter of much legal debate prior to the Supreme Court's decision in *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940(1999). While the holding in *American–Arab* seems clear enough, the controversy over section 1252(g) continues to boil. See *Mustata v. U.S. Department of Justice*, 179 F.3d 1017 (6th Cir.1999) (§ 1252(g) does not eliminate a district court's jurisdiction to hear an underlying constitutional claim); *Mapoy v. Carroll*, 185 F.3d 224 (4th Cir.1999) (§ 1252(g) divests district courts of jurisdiction to review refusals to grant a suspension of deportation); *Alvidres–Reyes v. Reno*, 180 F.3d 199 (5th Cir.1999) (same); *Singh v. Reno*, 182 F.3d 504 (7th Cir.1999) (same); *Richardson v. Reno*, 180 F.3d 1311 (11th Cir.1999) (by virtue of § 1252(b)(9) a challenge to a final order of removal may be brought only in the court of appeals, IIRIRA precludes § 2241 jurisdiction). Compare *Goncalves*, 144 F.3d at 133 (pre-*Arab-American* decision holding that district courts retain § 2241 jurisdiction to hear constitutional and some statutory claims).

■ Whatever the differences among the post-*Arab-American* courts, I am confident that Gray's petition falls squarely within the jurisdictional divestiture of section 1252(g). As the Supreme Court noted, section 1252(g) applies to "three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *American–Arab*, 119 S.Ct. at 943. The Court ex-

1. Section 212(c) has been repealed by Congress. An analogous but less generous form of discretionary relief called cancellation of deportation has replaced it.

2. *Goncalves* preserved the possibility of section 212(c) relief for aliens who had applications pending on the date AEDPA took effect. Gray did not. He also had not given the INS "unmistakable notice" of his intention to seek

section 212(c) relief prior to AEDPA's enactment, and thus would not be eligible for relief under this court's ruling in *Almonte v. Reno*, 27 F.Supp.2d 106, 109 (D.Mass.1998). But see *Machado v. INS*, 33 F.Supp.2d 88, 91–92 (D.Mass.1999) (holding *Goncalves* applicable to all persons against whom deportation proceedings had been commenced prior to AEDPA's enactment).

plained that Congress had good reason to focus on these three actions lying at the heart of prosecutorial discretion.[3] "At each stage the Executive has discretion to abandon the endeavor, and at the time IIRIRA was enacted the INS had been engaging in regular practice (which came to be known as 'deferred action') of exercising that discretion for humanitarian reasons or simply for its own convenience.... Since no generous act goes unpunished, however, the INS's exercise of this discretion opened the door to litigation in instances where the INS chose *not* to exercise it." Id. at 943–944.

Section 212(c) relief, prior to its repeal, was committed to the discretion of the Attorney General whose decision to grant or withhold such relief was reviewable on only the narrowest of grounds. *Goncalves,* 144 F.3d at 133. Since *Arab–American,* it is subject to no review at all, as discretionary relief is at the core of the prosecutorial function that section 1252(g) insulates from judicial oversight.[4] Gray's petition seeks a § 2241 writ directing the Attorney General to exercise her discretion. This is exactly what section 1252(g) and *American–Arab* render this court powerless to do.[5]

### ORDER

For the foregoing reasons, the Petition for Writ of Habeas Corpus is *DISMISSED.* Removal will be *STAYED* for twenty-one (21) days from the date of this opinion, unless sooner terminated by an order of this court, or extended by an order of the Court of Appeals.

SO ORDERED.

<hr>

**3.** "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." Id. at 944 n. 9.

**4.** If some right to judicial review survives (which is doubtful), it does so only in the Court of Appeals by operation of the "unmistakable 'zipper' clause" of 8 U.S.C.

§ 1252(b)(9). *American–Arab,* 119 S.Ct. at 943. See also *Richardson v. Reno,* supra at 1315.

**5.** Gray does not dispute that he was convicted of a crime that places him in an automatic deportation category.