**Miguel Noel FIERRO, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**Civil Action No. 99–11556–WGY.**

United States District Court,
D. Massachusetts.

Sept. 16, 1999.

Miguel Noel Fierro, MCI Shirley, Shirley, MA, pro se.

Frank Crowley, Immigration & Naturalization, Special Assistant U.S. Attorney, Boston, MA, for Immigration & Naturalization Service.

*ORDER*

YOUNG, Chief Judge.

By order dated August 13, 1999, the Court administratively closed the present action until the conclusion of all administrative proceedings. Because that time has arrived and because the Immigration and Naturalization Service (the "INS") has indicated its intention to deport Miguel Noel Fierro ("Fierro") on September 20, 1999, the Court must now address the INS' motion to dismiss Fierro's section 2241 habeas petition for lack of subject matter jurisdiction.

The INS contends that the Supreme Court's recent decision in *Reno 'v. American–Arab Anti–Discrimination Committee,* 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), strips this Court of all jurisdiction to entertain challenges by persons held in the custody of the INS. In *American–Arab,* the Supreme Court construed certain statutory amendments to the Immigration and Naturalization Act that Congress enacted in 1996 (the "1996 Amendments") which limited judicial review of immigration proceedings. The 1996 Amendments added section 1252(g) which states that, except as provided in that section, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against· any alien." 8 U.S.C. § 1252(g). The INS contends that this provision serves entirely to divest federal district courts of habeas jurisdiction in petitions by persons held in immigration custody. Such persons must instead utilize the mechanism provided in the Hobbs Act for exclusive Circuit Court of Appeals review of certain agency actions. *See* 8 U.S.C. § 1252(a)(1).

This interpretation is too broad. The Supreme Court in *American–Arab* did not address the issue of whether the 1996 Amendments constituted a repeal of habeas review under section 2241. *See Mendoza–Guerra v. Reno,* No. C99–0879SI, 1999 WL 360748, at *4 n. 5 (N.D.Cal. June 1, 1999) ("The resident aliens in [*American–Arab* ] did not challenge their deportation through a § 2241 habeas petition, and the Supreme Court did not address the impact . of § 1252[g] on habeas review, beyond noting the divergent views of the circuit courts."); *Hypolite v. Blackman, INS,* 57 F.Supp.2d 128, 130–31 (M.D.Pa. 1999). Arguably, therefore, the First Circuit's decision· in *Goncalves v. Reno,* 144 F.3d 110 (1st Cir.1998) (finding district court habeas review of both constitutional and statutory matters of law survives enactment· of 1996 Amendments), is entirely unaffected by *American–Arab.* Cf. *Wright v. Ouellette,* 171 F.3d 8, 9 (1st Cir.1999) (noting existence of *American–Arab* opinion but not commenting on its impact on *Goncalves* ); *Richardson v. Reno,* 180 F.3d 1311, 1313 (11th Cir.1999) (reaffirming, in light of *American–Arab,* the Eleventh Circuit's prior decision that Congress did not intend to preclude habeas review). Under this view, the Court's jurisdiction over Fierro's habeas petition would unquestionably be proper., *See Mendoza–Guerra,* 1999 WL 360748, at *4 .("The Court concludes that the [1996 Amendments] do not contain an explicit repeal of habeas review under § .2241, and accordingly, this avenue of judicial review remains unaffected by § 1252[g].").

Rather than take such an all-or-nothing view of habeas jurisdiction following *American–Arab,* however, this Court will .follow the well-marked path recently blazed between these extremes by Judge Stearns. *See Hernandez v. Reno,* 63 F.Supp.2d 99 (D.Mass.1999); *Gray v. Reno,* 59 F.Supp.2d 188 (D.Mass.1999); *Mahadeo v. Reno,* 52 F.Supp.2d 203 (D.Mass.1999). In these cases, Judge Stearns ruled that at its heart, the *American–Arab* opinion limited the scope of section 1252(g)'s jurisdictional restriction to judicial review of certain *discretionary* executive functions in immigration proceedings: " 'The provision applies only to three discrete actions that the Attorney General may take: her decision or action to commence proceedings, adjudicate cases, or execute removal orders.' " *Gray,* 1999 WL 643222, at * 2 (*quoting American–Arab,* 119 S.Ct. at 943). Indeed, the Supreme Court specifically referred to the jurisdiction provision as "the discretion-protecting provision of § 1252(g)...." *American–Arab,* 119 S.Ct. at 945. For Judge Stearns, therefore, the operative question in jurisdictional challenges to immigration habeas petitions is whether "the relief [that the petitioner] seeks fall[s] within the jurisdictional divestiture . of § 1252[g] as interpreted by

*American–Arab,* or [falls] within the penumbra of the § 2241 habeas jurisdiction posited by the First Circuit in *Goncalves....* " *Gray,* 1999 WL 643222, at * 2.[1]

In the instant case, Fierro contends that the INS is without authority to deport him because he is not an alien. He argues that, by order of the Commonwealth of Massachusetts Probate and Family Court entered nunc pro tunc to September 1, 1977, his father Miguel Angel Fierro Huertas had legal custody of him in 1978. Because he was sixteen years old and living with his father at that time, Fierro argues that he legally became a citizen of the United States when his father was naturalized in 1978. *See* 8 U.S.C. § 1432(a)(3). The Board of Immigration Appeals ignored this argument because it calculated Fierro's age in 1978 at eighteen and therefore concluded that he was ineligible for citizenship under 8 U.S.C. § 1432(a)(3). Fierro's birth certificate states that he was born on October 25, 1962, only sixteen years prior to 1978 rather than eighteen. Therefore, he may well have remained eligible for citizenship under 8 U.S.C. § 1432(a)(3) when his father became naturalized in 1978.[2]

 The INS has no discretion to execute removal orders against United States citizens. *See Ng Fung Ho v. White,* 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938 (1922) ("Jurisdiction in the executive to order deportation exists only if the person arrested is an alien."). In order to accomplish such a result, the INS must first engage in the process of denaturalization. *See* 8 U.S.C. § 1451. This is compelled by the fact that losing one's citizenship is among the most grave and severe penalties known to the law. *See Ng Fung Ho,* 259 U.S. at 284, 42 S.Ct. 492 ("To deport one who so claims to be a citizen, obviously deprives him of liberty.... It may result also in loss of both property and life, or of all that makes life worth living.")

■ Thus, because he is arguing that he attained citizenship under 8 U.S.C. § 1432(a)(3), Fierro essentially seeks an order declaring that the INS lacks authority to remove him. This is the very opposite of discretion. For that reason, the Court holds that Fierro's claim does not fall within the "the discretion-protecting provision of § 1252(g)" and therefore the INS' motion to dismiss for lack of subject matter jurisdiction is DENIED. The Court hereby orders the INS to STAY execution of the final administrative order of removal, pending resolution of this action. The Court will convene a speedy hearing of this matter upon motion of either party.

SO ORDERED.

**1.** This is an approach taken by several courts. *See Mustata v. U.S. Dept. of Justice,* 179 F.3d 1017 (6th Cir.1999) (noting that the Supreme Court in *American–Arab* did not reach "the issue of whether § 1252[g], in cases involving claims falling under one of the three listed actions or decision, strips the district court of § 28 U.S.C. 2241 habeas jurisdiction"); *Wallace v. Reno,* 39 F.Supp.2d 101, 108 (D.Mass. 1999) (Gertner, J.) (distinguishing between matters of executive discretion and matters of procedural due process and noting that *Arab-American* only deprives district courts of jurisdiction in the former class); *Mendonca v. INS,* 52 F.Supp.2d 155 (D.Mass.1999) (Saris, J.) (holding that district court lacked habeas jurisdiction to review purely discretionary decision to deny alien's application for adjudgment of status). It is also apparently the approach taken by the INS, though not before this Court. *See Rowe v. INS,* 45 F.Supp.2d 144, 145 n. 2 (D.Mass.1999) (O'Toole, J.) ("The INS abandoned this argument, however, in light of the Supreme Court's recent decision in *Reno v. American–Arab Anti-Discrimination Committee,* 525 U.S. 471, 119 S.Ct. 936 [1999], which limited § 242[g]'s potentially habeas-limiting applicability to only narrow Attorney General actions not at issue here.")

**2.** This Court makes no findings on these matters at the present time.