**Michael EDWARDS, Petitioner,**

v.

**J. Scott BLACKMAN, INS District Director, Respondent.**

No. 4:CV–99–0587.

United States District Court,
M.D. Pennsylvania.

May 27, 1999.

Sandra L. Greene, York, PA, for petitioner.

Dulce Donovan, Assistant United States Attorney, Harrisburg, PA, for respondent.

## *MEMORANDUM*

McCLURE, District Judge.

### *BACKGROUND:*

On April 12, 1999, petitioner Michael Edwards commenced this action with the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Edwards is a permanent resident alien whose deportation was ordered on January 14, 1999. On the same date, he was taken into custody by the Immigration and Naturalization Service (INS). At a hearing on February 2, 1999, an immigration judge denied release on bond during administrative review of the deportation order. The immigration judge determined that Ed-

wards was subject to mandatory detention pursuant to § 236(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(c). Edwards seeks habeas relief as it relates only to his continued detention.

Before the court are the petition and a motion by Edwards for a temporary restraining order and stay of deportation, which we have construed as a motion for a preliminary injunction and stay of deportation. See Order of Court dated April 20, 1999.

## DISCUSSION:

### I. STATEMENT OF FACTS

According to the petition, Edwards is a 29–year–old citizen of Jamaica who has resided in the United States for approximately 19 years. He is married to a U.S. citizen and is the father of two children who are U.S. citizens.

On July 9, 1991, in Hudson County, New Jersey, Edwards entered a plea of guilty to charges of possession of a controlled dangerous substance (cocaine) and possession of a controlled dangerous substance (cocaine) within 1,000 feet of school property. He was sentenced to concurrent terms of five years' incarceration, with 18 months' parole ineligibility.[1]

Based on the conviction, the INS issued an "Order to Show Cause and Notice of Hearing" charging that Edwards was deportable pursuant to INA § 241(a)(2)(A)(iii) (conviction of an aggravated felony) and (B)(i) (conviction of a controlled substance violation), 8 U.S.C. § 1251(a)(2)(A)(iii), (B)(i).[2] The deportation was not pursued during Edwards' incarceration, and he apparently was released by the State of New Jersey either on parole or at the expiration of his sentence. The release from criminal custody

occurred apparently before October 9, 1998 (see Edwards' reply brief at 13).

At a bond hearing in 1998, Edwards was released on bond by an immigration judge. However, at the deportation hearing on January 14, 1999, an immigration judge determined that Edwards was not eligible for release on bond because the new provisions of the INA made detention mandatory for removable aliens convicted of offenses such as Edwards had been. The immigration judge denied relief based on *Matter of Noble*, Int. Dec. 3301, 1997 WL 61453 (BIA 1997), a determination Edwards appealed to the Board of Immigration Appeals.

### II. RELEVANT STATUTORY PROVISIONS

The government argues that the court lacks jurisdiction to hear Edwards' petition. The statutory provisions supporting this argument read:

**(c) Detention of criminal aliens**

**(1) Custody**

The Attorney General shall take into custody any alien who—

**(A)** is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

**(B)** is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

**(C)** is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

**(D)** is inadmissible under section 1182(a)(3)(B) of this title or deportable

---

1. Neither the fact of conviction nor the offenses are recited in Edwards' petition, motion, or brief. In his reply brief (at page 2), Edwards refers to the "two alleged criminal convictions." The convictions are described in the government's brief, supported by Exhibit B thereto.

2. Due to amendments to the INA, these provisions now are designated INA § 237(a)(2)(A)(iii), (B)(i), codified at 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).

under section 1227(a)(4)(B) of this title,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

. . .

**(e) Judicial review**

The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

INA § 236(c)(1), (e), codified at 8 U.S.C. § 1226(c)(1), (e).[3]

Edwards contends, however, that § 236(c) does not apply. To comprehend this argument fully, it is necessary to examine the interplay of a number of other provisions, specifically the "Transition Period Custody Rules" (TPCR) enacted by § 303(b)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), enacted as Division C of the Departments of Commerce, Justice, and State, and the Judiciary Appropriations Act for 1997, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996).[4] The TPCR were temporary rules which could be invoked at the discretion of the Attorney General to defer the effective date of amendments to the INA under IIRIRA and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, 1277 (Apr. 24, 1996). The Attorney General invoked the TPCR for both of the 1–year periods for which they were available. The current

provisions, quoted above, therefore did not become effective until October 9, 1998.

Under IIRIRA § 303(b)(3)(A), the Attorney General was required to take into custody certain classes of aliens, including aliens convicted of aggravated felonies and controlled substances offenses. Under IIRIRA § 303(b)(3)(B), such an alien could be released only if the alien (1) was lawfully admitted, or was not lawfully admitted but could not be removed because the country of removal would not accept the alien, (2) would not pose a danger, and (3) was not a flight risk.

**III. NARROWING THE ISSUES**

■ Although captioned a motion for temporary restraining order and stay of deportation, Edwards does not request such relief in the motion, nor is a basis for such recited. In his petition and other papers, Edwards refers to purported deficiencies in the deportation hearing. However, in seeking relief, he confines his demands and arguments to the fact of his detention. We note that such is necessary, as this court plainly lacks jurisdiction to review the deportation order. *Reno v. American–Arab Anti–Discrimination Committee,* —— U.S. ——, ——, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999)(8 U.S.C. § 1252(g) bars, on jurisdictional grounds, judicial review of decision or action by Attorney General to commence deportation proceedings, adjudicate cases, or execute removal orders).

Having excluded so much of the action taken by INS from consideration, we are left with the much narrower question of which provision applies, the interim provision of the TPCR or the current version of § 236 [§ 1226]. The government argues that § 236(e) prevents this court (actually, any court) from exercising jurisdiction, in-

---

**3.** An exception to the rule of mandatory detention is provided in INA § 236(c)(2), 8 U.S.C. § 1226(c)(2), relating to aliens in the Federal Witness Protection Program under 18 U.S.C. § 3521. The exception is not applicable in this case.

**4.** Section 303(b) is reproduced in the United States Code Annotated in the "Effective Dates" portion of the Historical and Statutory Notes following § 1226.

cluding habeas jurisdiction. Edwards argues that the TPCR applies because that was the law in effect when he originally was released from incarceration and when he was granted release on bond.

## IV. JURISDICTION

■ The general principle underlying the government's argument is the presumption that current law governs an action unless there has been a change in the law such that the application of current law would have an impermissible "retroactive" or "retrospective" effect.

In *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court discussed at length the applicability of statutes with retroactive or retrospective effect. *See esp.* 511 U.S. at 263–280, 114 S.Ct. 1483. The Court noted that deciding when a statute operates retroactively is not always a simple or mechanical task. *Id.* at 268, 114 S.Ct. 1483 (citing *Society for Propagation of the Gospel v. Wheeler,* 22 F.Cas. 756 (1814) (Story, J.)).

■ Fortunately, this difficult task is not required here, because there is no retroactivity concern when the newly enacted statute is jurisdictional in nature:

We have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed.... Application of a new jurisdictional rule usually "takes away no substantive right but simply changes the tribunal that is to hear the case." [*Hallowell v. Commons,* 239 U.S. 506, 508, 36 S.Ct. 202, 60 L.Ed. 409 (1916).] Present law normally governs in such situations because jurisdictional statutes "speak to the power of the court rather than to the rights or obligations of the parties," [*Republic Nat. Bank of Miami v. United States,* 506 U.S. 80, 100, 113 S.Ct. 554, 121

L.Ed.2d 474 (1992) ] (Thomas, J., concurring).

*Landgraf,* at 274, 114 S.Ct. 1483.

Plainly, § 236(e) divests this court of the authority to review the decision of the immigration judge to deny release on bond once there was an order to deport Edwards. The section does not take away a substantive right, but vests sole authority to hear the matter in the Attorney General, acting through the INS. That a prior release on bond had been permitted does not affect this conclusion. *Cf. LaFontant v. INS,* 135 F.3d 158, 163–164 (D.C.Cir. 1998) (AEDPA § 440(a), amended by IIRIRA § 306(d), which barred review by any court of deportation order for alien convicted of specified offenses, applicable to pending cases; citing, *inter alia, Salazar–Haro v. INS,* 95 F.3d 309, 311 (3d Cir. 1996), *cert. denied,* 520 U.S. 1239, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997)).

■ Of course, it is also true that judicial review of constitutional challenges to a statute may not be withdrawn. *Salazar–Haro* at 311; *Parra v. Perryman,* 172 F.3d 954, 955 (7th Cir.1999). However, such a challenge is completely devoid of merit in this instance because the statute "plainly is within the power of Congress":

Persons subject to § 1226(c) have forfeited any legal entitlement to remain in the United States and have little hope of clemency.... Before the IIRIRA bail was available to persons in Parra's position as a corollary to the possibility of discretionary relief from deportation; now that this possibility is so remote, so too is any reason for release pending removal. Parra's legal right to remain in the United States has come to an end. An alien in Parra's position can withdraw his defense of the removal proceeding and return to his native land, thus ending his detention immediately. He has the keys in his pocket. A criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the ensuing delay, and the United States has a power-

ful interest in maintaining the detention in order to ensure that removal actually occurs.

*Id.* at 957.

Therefore, based on the availability of relief, there is no suspension of the writ of habeas corpus, *id.* at 957, and because the governmental interests outweigh the private interests (as well as Congress' broad powers in immigration matters), there is no due process violation, id. at 957–58. *But see Van Eeton v. Beebe,* —— F.Supp.2d ——, No. CV 99–16–PA, 1999 WL 312130 (D.Or. Apr. 13, 1999)(finding due process violation where alien did not concede deportability but, to the contrary, claimed to be a naturalized U.S. citizen).

### V. CONCLUSION

Based on the foregoing, the petition will be dismissed in part and denied in part. The petition will be denied insofar as it raises a constitutional challenge to § 236(c), and dismissed for lack of jurisdiction otherwise. The motion for a temporary injunction will be denied.

Because Edwards is not detained due to process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary. *See* Fed.F.R.A.P. 22(b)(1); 28 U.S.C. § 2253(c)(1).