Michael **EDWARDS**, Petitioner,

v.

J. Scott **BLACKMAN, INS District Director**, Respondent.

No. 4:CV–99–0587.

United States District Court, M.D. Pennsylvania.

July 22, 1999.

Sandra L. Greene, York, PA, for petitioner.

Dulce Donovan, Assistant United States Attorney, Harrisburg, PA, for respondent.

### ORDER

McCLURE, District Judge.

### BACKGROUND:

On April 12, 1999, petitioner Michael Edwards commenced this action with the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Edwards alleged that he was subject to a deportation order entered on January 14, 1999. He was detained thereafter, and a bond was denied on February 2, 1999, when an immigration judge determined that Edwards was subject to mandatory detention ·under "INA Section 236(c)." Edwards argued that this determination is in error and that he therefore is entitled to relief under § 2241.

Previously, the court issued a memorandum and order denying Edwards' constitutional challenge to § 236(c) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1226(c), and dismissing the petition otherwise for lack of jurisdiction under § 236(e), 8 U.S.C. § 1226(e). *Edwards v. Blackman,* 1999 WL 350122 (M.D.Pa. May 27, 1999).

Before the court is Edwards' motion for an extension of time in which to move for reconsideration of that memorandum and order. Also, the American Civil Liberties Union Immigrants' Rights Project

(ACLU–IRP) has requested the court's consideration of a letter brief in support of Edwards' motion.

### DISCUSSION:

■ "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) (citations omitted), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). "Therefore, a court may properly grant a party's motion for reconsideration in any of the following circumstances: '(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice.' " *In re TMI Litigation Cases Consolidated II,* 922 F.Supp. 997, 1008 (M.D.Pa.1996) (Rambo, C.J.; quoting *Cohen v. Austin,* 869 F.Supp. 320, 321 (E.D.Pa.1994); citations omitted in *In re TMI* ). The granting of a motion ·to reconsider is an extraordinary remedy and a court should not do so when the motion is merely a re-styling or rehash of issues previously presented. *McConocha v. Blue Cross and Blue Shield Mutual of Ohio,* 930 F.Supp. 1182, 1184 (N.D.Ohio 1996). A court should consider neither new evidence nor a new legal theory which could have been presented on the original motion, taking into account due diligence. *Id.* Mere disagreement with the court is a ground for an appeal, not a motion for reconsideration. *Id.*

With this standard in mind, we examine separate but related questions: (1) whether Edwards has set forth a sufficient basis for reconsideration; and (2) whether that basis warrants additional time for a motion and brief. Alternatively, Edwards asks the court to consider his motion for an extension of time as a motion for reconsideration.[1]

---

1. The motion filed by Edwards contravenes the Federal Rules of Civil Procedure, having been filed in the form of a brief. *See* Fed. R.Civ.P. 7(b)(2) (forms of pleadings apply to motions), 10(b) (averments to be made in numbered paragraphs), 81(a)(2) (Rules apply

Edwards first points out, in rather rude language, that this court is alone in concluding that it lacks habeas jurisdiction to entertain a claim under § 236. We are unaware of any legal requirement that we join a majority of courts when making a decision.

■ In the same context, Edwards points out that our holding is contrary to *Sandoval v. Reno*, 166 F.3d 225 (3d Cir. 1999), in which the Third Circuit held that district courts retain jurisdiction under § 2241 to entertain constitutional and statutory challenges to final orders of deportation. The *Sandoval* decision was issued before the Supreme Court opinion in *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. ——, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).[2] Since the holding and the rationale of the latter opinion are contrary to *Sandoval*, we adhere to the Supreme Court's view. That is, the plain language of § 242(g) of the INA, 8 U.S.C. § 1252(g), bars judicial review in federal district courts of decisions by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.

In arguing that this is the only court that has ruled that it is without jurisdiction to entertain a challenge to a decision to detain an alien pursuant to § 236(c), Edwards ignores *Maldonado v. Fasano*, 1999 WL 343423 (S.D.Cal. May 21, 1999). In that case, the Board of Immigration Appeals denied the petitioner's appeal, after which he filed a petition for a writ of habeas corpus.[3] Judge Whelan applied the Supreme Court's rationale in *American–Arab Anti–Discrimination Committee*, 525 U.S. at ——, 119 S.Ct. at 943, that the extent of any assertion of subject matter jurisdiction is subject to "the unmistak-

able zipper clause" of INA § 242(b)(9), 8 U.S.C. § 1252(b)(9). *Maldonado* at *3. That provision consolidates "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, . . ." arising in any proceeding under the INA within judicial review of a final order under the INA. *Maldonado* at *4 (quoting § 242(b)(9)). Thus, any factual, legal, and constitutional questions, no matter how they are raised (including by habeas corpus) are included. *Id.*

Although dicta, we note that Judge Whelan added:

The statute also reflects the timing of judicial review. By stating that judicial review is available "only . . . of a final order," the statute "postpones judicial review of removal proceedings until the entry of a final order." *American–Arab*, [525 U.S. at ——, 119 S.Ct. at 951] (Stevens, J., concurring). Significantly, this clause may divest federal courts of jurisdiction to review interim administrative determinations, *such as agency actions concerning bail* and parole. The Eleventh Circuit has reached this conclusion, holding that INA § 242(b)(9) strips federal courts of jurisdiction to review claims of aliens against whom removal proceedings have been instituted until the conclusion of administrative proceedings. *Richardson v. Reno*, 162 F.3d 1338, 1373 (11th Cir.1998) . . . .

*Maldonado* at *4 (emphasis added). Since review of a final order is subject to review only by petition for review in a Court of Appeals, the district court lacked jurisdiction. *Id.*

---

to habeas corpus proceedings). Also, papers filed with this court are to contain lettering no smaller than typewriting pica, LR 5.1(c) of the Local Rules for the Middle District of Pennsylvania, which is ten characters per inch. THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1463 (2d ed.1987). The motion filed by the ACLU–IRP suffers from the same shortcomings.

**2.** Neither Edwards nor the ACLU–IRP cite *Reno v. American–Arab Anti–Discrimination Committee*, despite its issuance several months ago and our reliance thereon.

**3.** The district court reviewed the "complaint" as a petition under § 2241 despite the assertion of other federal statutes. *Id.* at *1 n. 2.

Judge Whelan also analyzed the purposes and objectives underlying the amendments to the INA, and concluded that this holding was consistent with Congress' intent. *Id.* at *5–*6. In addition, since the amendments are in irreconcilable conflict with prior provisions granting habeas corpus jurisdiction under the INA, the prior provisions were repealed by implication. *Id.* at *6. Finally, Judge Whelan pointed out that any constitutional challenge to the amendments was without merit, since Congress can curtail the jurisdiction of lesser Article III courts (i.e., district courts and the courts of appeals, but not the Supreme Court) at any time without offending the Constitution. *Id.*

Thus, rather than standing alone, our holding is consistent with Judge Whelan's opinion and, by implication, the holding of the Eleventh Circuit. Most importantly (like Judge Whelan's opinion in *Maldonado* ), our holding is a straightforward application of the Supreme Court's opinion in *American–Arab Anti–Discrimination Committee*. Whether other courts choose to adopt this approach, which we believe comports with the law, is not a matter which affects our holding.

Edwards next argues that the court should have considered his "statutory merits claim." Since we lack subject matter jurisdiction, review of that claim is barred.

■ Edwards argues that the court ignored his constitutional claim. Actually, we addressed the due process claim and resolved it against Edwards. Beyond that issue, Edwards raised no claim over which we have jurisdiction, and Edwards' argument that § 236(c) does not apply to him does not alter that conclusion. The INA now provides that such questions are subject to judicial scrutiny only, if at all, in the petition for review in a court of appeals. The same principle applies to Edwards' argument that he was entitled to an individualized bond proceeding, based on a recent decision of the Board of Immigration Appeals. That argument must be presented in the administrative proceedings and, potentially, to a court of appeals; this court does not have jurisdiction to entertain the claim.

Finally, Edwards raises a rather bizarre argument concerning a purported factual error in our memorandum of May 27, 1999, when we stated that the immigration judge found him ineligible for release on bond on January 14, 1999. Actually, Edwards was ordered detained on January 14, 1999, a bond hearing was conducted on February 2, 1999, and it was then that the determination was made that Edwards was ineligible for release on bond. We fail to see how the date of the hearing affects our jurisdiction.

In short, we find the grounds raised by Edwards to be completely devoid of merit. Rather than being grounds for reconsideration, they at best reflect disagreement with our prior holding.

Turning to the letter brief submitted by the ACLU–IRP, we find no basis there for reconsideration, either. First, it points out that other courts have held that § 236(e) applies only to discretionary actions by the Attorney General. *See Aguilar v. Lewis*, 1999 WL 404688 (E.D.Va. June 11, 1999); *Baltazar v. Fasano*, No. 99–CV–380 BTM (JAH) (S.D.Calif. Mar. 25, 1999). We disagree with these holdings.

While the first sentence of § 236(e) refers to discretionary judgment, the second sentence states, "No court may set aside *any action or decision* by the Attorney General ..." (emphasis added). The plain meaning of this language is that the jurisdictional bar is not limited as the ACLU–IRP argues, and as other courts have held. To this we would add that holding otherwise, i.e. that the emphasized language refers to discretionary actions by the Attorney General, would mean that the second sentence of § 236(e) simply repeats the first and is mere surplusage. *See generally Bailey v. United States*, 516 U.S. 137, 145, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995); *Ratzlaf v. United States*, 510 U.S. 135, 140–141, 114 S.Ct. 655, 126 L.Ed.2d

615 (1994) (judges should hesitate to treat statutory terms as surplusage).

In the same context, the ACLU–IRP argues that § 236(e) does not contain an express repeal of jurisdiction under § 2241. Congress' statement that no court may set aside any decision or action by the Attorney General is a plain statement of its intent. Moreover, as discussed by Judge Whelan in *Maldonado,* there is a repeal by implication because the statute simply is inconsistent with any assertion of jurisdiction under § 2241. Any constitutional concerns also are addressed in *Maldonado.*

Since the court does not have jurisdiction, we reject the ACLU–IRP's arguments concerning the applicability of § 236 to Edwards, and the due process arguments.[4]

We recognize that an analysis of this subject could fill volumes. However, we will attempt to condense some of the points raised contrary to our holding, both by Edwards and courts considering these issues, and demonstrate why those points are faulty.

1. *Every court considering the question has found habeas jurisdiction in the district courts.* The most important court, the Supreme Court of the United States, has established a means for analyzing the amendments to the INA. *See American–Arab Anti–Discrimination Committee.* Application of that means of analysis leads to the conclusion that district courts do not have habeas jurisdiction. Most of the opinions cited by Edwards and the ACLU–IRP predate, do not cite, or do not reflect consideration of the Supreme Court's opinion in *American–Arab Anti–Discrimination Committee.*[5]

2. *Section 236(e) does not contain an express statement that habeas jurisdiction has been revoked.* In *American–Arab Anti–Discrimination Committee,* the Supreme Court, interpreting similar language, found that habeas jurisdiction had been revoked except for the areas specified in § 242(g). Given the similarity of language, there is no reasonable basis for concluding that the same principle would not apply to the revocation of habeas jurisdiction under § 236(e).

3. *The Third Circuit's opinion in Sandoval requires a finding of jurisdiction.* The Supreme Court's opinion in *American–Arab Anti–Discrimination Committee* was issued subsequent to *Sandoval* and supersedes it.

To all of this, we add two final points. First, Edwards' argument is actually rather self-defeating. If § 236(c) does not apply to him, then § 236(a) must apply. The latter subsection confers discretionary authority on the Attorney General to arrest and detain an alien after a warrant issues. This decision is plainly within the scope of § 236(e)'s bar to jurisdiction. Thus, the holding that Edwards seeks and which we have no jurisdiction to make, i.e. that § 236(c) is inapplicable, leads to a conclusion that we do not have jurisdiction to order Edwards released.

■ Last, the courts considering these issues seem to have a great reluctance to conclude that habeas jurisdiction has been revoked because of a potential problem of constitutional dimension, violation of the Suspension Clause. U.S. CONST. art. I, § 9, cl. 2. These courts do not address the larger question of just when it is that the writ of habeas corpus is "suspended" by a jurisdictional limit applicable to the lower federal courts. As discussed above, the

---

4. In addition to our own analysis of the applicability of the Due Process Clause, 1999 WL 350122, at *3–*4 (relying on *Parra v. Perryman,* 172 F.3d 954 (7th Cir.1999)), *see Diaz–Zaldierna v. Fasano,* 43 F.Supp.2d 1114, 1118–1121 (S.D.Cal. 1999) (though disagreeing with this court as to habeas jurisdiction,

finding that § 236(c) does not violate substantive or procedural due process principles).

5. Remarkably, this includes *Catney v. INS,* 178 F.3d 190 (3d Cir.1999), an opinion involving jurisdiction in the courts of appeals for review of final orders of deportation.

district courts and the courts of appeals are statutory, not constitutional, creations, subject to the whim of Congress regarding jurisdiction and, for that matter, their existence. If those courts did not exist, it would be left solely to the Supreme Court of the United States to exercise judicial authority and fulfill judicial responsibility. The Supreme Court has the authority to issue the writ of habeas corpus in its own right. *See* 28 U.S.C. § 1651(a) (vesting authority to issue extraordinary writs, including habeas corpus, in Supreme Court); S.Ct.R. 20.4 (relating to procedure for obtaining original writ of habeas corpus in Supreme Court); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (Title I of AEDPA did not preclude Supreme Court from entertaining application for habeas relief). It would be when the Supreme Court is divested of its authority to issue the Great Writ that the Suspension Clause is violated, *Felker* at 838, 116 S.Ct. 2333, not the lower federal courts.

We see no sufficient basis for reconsideration of our prior memorandum and order, and no reason to permit additional briefs on matters already decided adversely to Edwards. The motion will be denied both as to reconsideration and as to an extension of time in which to file a motion.

 Edwards also has filed a motion seeking discovery. The material sought is a memorandum by the Office of Immigration Litigation concerning the issue before this court.[6] First, we see no reason to order discovery: the position of that office does not affect our legal analysis. Moreover, an internal governmental policy does not confer rights on a party adverse to the government in litigation. *Cf. United States v. Pungitore*, 910 F.2d 1084, 1120 (3d Cir.1990) (government's *"Petite* policy" does not confer substantive rights on defendant relating to double jeopardy and dual sovereigns doctrine); *United States*

*v. Bifield,* 42 F.Supp.2d 477, 490 (M.D.Pa. 1999) (no substantive right on part of defendant to have U.S. Attorney's Office follow guidelines for prosecuting money laundering cases). The motion for court-ordered discovery will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Edwards' motion (record document no. 11), construed as both a motion for reconsideration and for an extension of time in which to move for reconsideration, is denied.

2. The request (record document no. 12) of the ACLU–IRP for consideration of its brief is granted, but consideration of the merits of the brief do not alter the disposition of Edwards' motion.

3. Edwards' motion (record document no. 13) for court-ordered discovery is denied.

---

6. Given that the document reflects an intent on the part of the INS to apply § 236(c) only to aliens released from custody after October 8, 1998, it appears that this entire problem soon will be rendered moot.