Dominick BARCA, Petitioner,

v.

M. Frances HOLMES, Acting District Director, Immigration and Naturalization Service, Philadelphia District; Janet Reno, Attorney General; and Doris Meissner, Commissioner, Immigration and Naturalization Service, Respondents.

No. 4:CV–99–1884.

United States District Court, M.D. Pennsylvania.

Oct. 29, 1999.

Susan W. Weber, York, PA, for petitioner.

## ORDER

McCLURE, District Judge.

### BACKGROUND:

On October 26, 1999, petitioner Dominick Barca, an INS detainee at the York County Prison, commenced this action with the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Barca challenges the decision of the INS to reinstate his prior removal from the United States as well as to deny his release on bond.

Before the court is the petition for initial review. *See generally* 28 U.S.C. § 2243

(court entertaining a petition must award the writ or direct a response unless it appears from the application that the applicant is not entitled to relief); Fed. R.Civ.P. 12(h)(3).

## DISCUSSION:

Barca first challenges the decision of the INS to proceed against him under § 241(a)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(5), contending that he did not reenter the United States illegally, at least as alleged in the INS Notice of Intent/Decision to Reinstate Prior Order of Removal. That document, appended as Exhibit E to the petition, indicates that Barca evaded inspection by an immigration officer when reentering.[1]

■ In *Reno v. American–Arab Anti-Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999), the Supreme Court held that courts do not have jurisdiction to review decisions of the INS to commence proceedings, adjudicate cases, or execute removal orders. To the extent Barca challenges the decision to commence proceedings against him, then, we plainly lack jurisdiction.

■ To the extent that Barca challenges the decision to proceed under what he views as the wrong subsection, such a challenge (if available) must be raised in a petition for review in the Court of Appeals. 8 U.S.C. § 1252(b)(9) (all questions of law and fact arising from action taken or proceeding brought to remove an alien from the United States under Subchapter II of INA, which includes § 1231, must be raised in petition for review of final order under § 1252).

■ As to the denial of a bond hearing based on the particular statutory provision under which the INS is proceeding, we have held that a district court lacks jurisdiction under § 2241 to entertain such a claim. *Edwards v. Blackman*, 48 F.Supp.2d 477 (M.D.Pa.1999), *on reconsid-*

*eration*, 56 F.Supp.2d 508 (M.D.Pa.1999); *Jacques v. Reno*, 73 F.Supp.2d 477 (M.D.Pa. 1999).

We conclude that we lack jurisdiction over the petition, and the petition will be dismissed. We note also that the other sources of authority cited by Barca do not confer jurisdiction on this court.

## NOW, THEREFORE, IT IS ORDERED THAT:

1. Barca's petition (record document no. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed for lack of subject matter jurisdiction.

2. Based on the widespread disagreement among the courts concerning jurisdiction under IIRIRA, we certify pursuant to 28 U.S.C. § 2255; Fed.R.App.P. 22(b), the appealability of the following issue:

Does a U.S. district court have jurisdiction under 28 U.S.C. § 2241 to entertain a petition for a writ of habeas corpus by an alien relating to the denial of release on bond or parole during deportation proceedings?

3. The clerk is directed to close the file.

---

1. The claim, insofar as it asserts that Barca is not subject to being deported, is somewhat confusing, since it alleges that he reentered

the United States in February, 1991, after being given approval to stay for a period not to exceed 45 days. Petition at 4 ¶ 12.