**Armando ROSAS–PANIAGUA, Petitioner,**

v.

**Janet RENO, et. al., Respondents.**

**No. C99–00880WHA.**

United States District Court, N.D. California.

Dec. 8, 1999.

Lamar Peckham, Santa Rosa, CA, for petitioner.

Robert S. Mueller, U.S. Atty., Suzanne Ramos, Assist. U.S. Atty., David W. Ogden, Assist. Atty. General, Karen Fletcher Torstenson, Assist. director, Russell J.E. Verby, Office of Immigration Lit., U.S. Dept. of Justice, Washington, DC, for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ALSUP, District Judge.

### STATEMENT

Petitioner Armando Rosas–Paniagua entered the United States in 1982 without inspection by an immigration officer. On December 1, 1990, his status was adjusted

to that of lawful permanent resident. On January 26, 1996, petitioner pleaded guilty under California Vehicle Code Section 23152(b) to driving with a blood-alcohol content of .08 percent or greater. Because it was petitioner's fourth such conviction, the conviction constituted a felony. Cal. Veh.Code § 23175(a). The conviction prompted the Immigration and Naturalization Service to issue to petitioner on June 30, 1997, a notice to appear. The notice alleged that petitioner's conviction made him deportable by reason of having been convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii). On October 8, 1997, an immigration judge sustained the INS's allegations, and consequently ordered petitioner removed to his native Mexico. Petitioner then appealed to the Board of Immigration Appeals, which upheld the immigration judge's ruling. Petitioner filed a motion for reconsideration of the BIA's decision, which the BIA rejected.

Petitioner next filed a petition for writ of habeas corpus to review the final removal order. Having reviewed the petition, this Court concludes that it lacks subject-matter jurisdiction to hear petitioner's claims. Accordingly, the Court DISMISSES the petition.

## ANALYSIS

Prior to the 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), persons seeking to challenge the constitutionality of a final deportation order via habeas corpus could do so under either of two procedures: Section 106(a)(10) of the Immigration and Nationality Act, then 8 U.S.C. § 1105a(a)(10); and the general statutory habeas provision of 28 U.S.C. 2241. In replacing the old statutory scheme for judicial review of deportation orders, the AEDPA and IIRIRA abolished the first of those procedures. Petitioner and respondent disagree about whether those enactments foreclosed the second. A review of the newly-enacted framework governing judicial review of orders of removal demonstrates that they have.

One provision that now restricts this Court's jurisdiction to entertain petitioner's request is 8 U.S.C. § 1252(b)(9), which provides:[1]

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under [Section 1252].

In relevant part, the revised Section 1252 now requires that "[j]udicial review of a final order of removal ... is governed only by chapter 158 of Title 28...." 8 U.S.C. § 1252(a)(1). In turn, chapter 158 of Title 28, popularly known as the Hobbs Administrative Orders Review Act, assigns jurisdiction to review administrative decisions exclusively to the federal court of appeals. Thus, the only forum authorized by Congress to review petitioner's claims is the Court of Appeals for the Ninth Circuit.

Petitioner argues that the overwhelming majority of federal courts of appeals to have considered the issue have reached the contrary conclusion. According to petitioner, because neither the AEDPA nor the IIRIRA explicitly abolished district court statutory habeas jurisdiction under Section 2241, such jurisdiction survives.

1. It is unnecessary to decide whether 8 U.S.C. § 1252(a)(2)(C) precludes jurisdiction over petitioner's claims. Section 1252(g), a third jurisdiction-limiting provision of the revised framework, does not appear to apply to petitioner, as petitioner does not challenge a "decision ... by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders...." *See Reno v. American–Arab Committee,* 525 U.S. 471, 119 S.Ct. 936, 943–5, 142 L.Ed.2d 940 (1999) (confining Section 1252(g)'s limitation on jurisdiction to cases challenging a discretionary decision by the Attorney General to prosecute or enforce a removal order, rather than all disputes involving removal orders).

At first blush, the case law seems to support petitioner.[2] The Ninth Circuit has yet to address whether statutory habeas corpus review of final removal orders survived the AEDPA and IIRIRA. A preliminary opinion on the subject, *Hose v. INS*, 141 F.3d 932, 934–6 (9th Cir.1998), concluded that it had not. That opinion was withdrawn, however, pending a rehearing en banc. The opinion issued pursuant to that rehearing expressly failed to address "what habeas corpus remedies, if any, remain under IIRIRA...." *Hose v. INS* ("*Hose II*"), 180 F.3d 992, 995 n. 2 (9th Cir.1999) (en banc). A later opinion on the continuing vitality of Section 2241 habeas review of removal orders, *Magana–Pizano v. INS*, 152 F.3d 1213 (9th Cir.1998), was vacated by the Supreme Court for reconsideration in light of *American–Arab Committee.*

All of the decisions that appear to support petitioner's contention, however, are distinguishable because they arose under the "transitional rules" governing the judicial review of removal orders whose prosecution commenced before April 1, 1997, the date on which the IIRIRA's permanent provisions took effect. *See Hose II*, 180 F.3d at 994–5. Petitioner's case, by contrast, arises under the IIRIRA's permanent provisions. And unlike the transitional rules, the permanent provisions contain Section 1252(b)(9), which directs all judicial review of final removal orders to the courts of appeals.

Those appellate courts that have examined Section 1252(b)(9) have been impressed with its clarity of purpose. In *American–Arab Committee,* the Supreme Court compared Section 1252(b)(9) to a different jurisdiction-limiting provision of the new deportation review rules.[3] The Court concluded that the provision under review in that case applied in relatively few situations, and therefore couldn't be described as a "general jurisdictional limitation." *American–Arab Committee,* 119 S.Ct. at 943. The Court reasoned that, had Congress wished to preclude all federal court jurisdiction under the provision under review in that case, it would have drafted the provision to look more like Section 1252(b)(9). "[T]hat those who enacted the IIRIRA were familiar with the normal manner of imposing [a general jurisdictional] limitation is demonstrated by the text of § 1252(b)(9)," the Court concluded. *Ibid.* The Supreme Court further described Section 1252(b)(9) as an "unmistakable 'zipper' clause" that effectively foreclosed all "judicial review in deportation cases unless this section provides judicial review." *Ibid.*

The Eleventh Circuit, which also examined Section 1252(b)(9), concluded that the provision demonstrates sufficient "congressional intent to preclude § 2241 [statutory habeas] jurisdiction" over final removal orders. *Richardson v. Reno*, 180 F.3d 1311, 1315 (11th Cir.1999), *reh'g and reh'g en banc denied,* 193 F.3d 525 (11th Cir.1999). The Fifth Circuit has yet to rule on Section 1252(b)(9), but has indicated a similar conclusion. *Requena–Rodriguez*, 190 F.3d at 305–6 (stating that none of the transi-

**2.** *See Bowrin v. U.S. INS*, 194 F.3d 483, 486–90 (4th Cir.1999); *Pak v. Reno*, 196 F.3d 666, 669–74 (6th Cir.1999); *Requena–Rodriguez v. Pasquarell*, 190 F.3d 299, 304–6 (5th Cir. 1999); *DeSousa v. Reno*, 190 F.3d 175, 180–3 (3rd Cir.1999); *Jurado–Gutierrez v. Greene*, 190 F.3d 1135, 1142–7 (10th Cir.1999), *amended on denial of reh'g,* —— F.3d —— (10th Cir. Nov. 29, 1999); *Reyes–Lechuga v. Reno*, 183 F.3d 867, 868 (8th Cir.1999); *Goncalves v. Reno*, 144 F.3d 110, 116–26 (1st Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1140, 143 L.Ed.2d 208 (1999); *Jean–Baptiste v. Reno*, 144 F.3d 212, 216–20 (2nd Cir.1998), *reh'g denied,* 175 F.3d 226. *But see*

*Singh v. Reno*, 182 F.3d 504, 507–10 (7th Cir.1999); *LaGuerre v. Reno*, 164 F.3d 1035, 1037–41 (7th Cir.1998); *Henderson v. INS*, 157 F.3d 106, 119 n. 9 (2nd Cir.1998) (noting that, "[w]ere we not bound by *Jean–Baptiste,* the members of this panel would be strongly inclined to find that the proper mechanism for judicial review is by petition for review in the courts of appeals, rather than by § 2241 habeas in the district courts"), *cert. denied,* —— U.S. ——, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999).

**3.** The different provision addressed by *American–Arab Committee* was 8 U.S.C. § 1252(g).

tional rules, which failed to abrogate district court habeas jurisdiction over removal orders, "is nearly as explicit" as several permanent provisions, including Section 1252(b)(9)).

A number of district courts also have concluded that the permanent deportation review rules, in the form of Section 1252(b)(9), preclude district courts from entertaining habeas challenges to removal orders.[4] Others, including at least two in this district, have taken the opposite approach. *See Tan v. Reno,* No. C 99–4000 MJJ, 1999 WL 969643, at *2–4 (N.D.Cal. Oct.15, 1999); *Tam v. Reno,* No. C–98–2835 MHP, 1999 WL 163055, at *4–7 (N.D.Cal. March 22, 1999). The first of the two courts in this district to examine the issue, however, did so without the benefit of *Richardson.* What's more, in each case the district court relied on appellate cases interpreting the transitional deportation review rules, rather than the permanent rules at issue in this case. *E.g., Tan,* 1999 WL 969643 at *4; *Tam,* 1999 WL 163055 at *5.

## CONCLUSION

Under the AEDPA and IIRIRA the appropriate forum for petitioner's challenge to his final deportation order is not the district court but the court of appeals. This Court lacks subject-matter jurisdiction to review petitioner's claims. Accordingly, the petition is DENIED. The Clerk of the Court SHALL CLOSE the file.

**IT IS SO ORDERED.**

---

4. *See, e.g., Barca v. Holmes,* 73 F.Supp.2d 484 (M.D.Pa.1999); *Guy v. Reno,* No. Civ. A. 99–3589, 1999 WL 718554, at *3–5 (E.D.Pa. Sept.2, 1999); *Edwards v. Blackman,* 56 F.Supp.2d 508, 509–13 (M.D.Pa.1999); *Maldonado v. Fasano,* 67 F.Supp.2d 1170, 1173–82 (S.D.Cal.1999).